IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DERRICK HAYES,                    )
                                  )
        Plaintiff,                )
                                  )
vs.                               )    Case No. CIV-15-932-M
                                  )
COURTNY REED, Correctional        )
Officer; JOHN HAMPTON,            )
Captain, Shift Supervisor,        )
                                  )
        Defendants.               )

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner in Oklahoma Department of Corrections' custody, initiated this action under 42 U.S.C. § 1983 alleging violations of his Sixth, Eighth, and Fourteenth Amendment rights and his rights under Oklahoma law while incarcerated at the Mack Alford Correctional Center (MACC) in Stringtown, Oklahoma. Doc. 1.[1] Chief United States District Judge Vicki Miles-LaGrange referred this matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). Because venue is lacking in this district and a transfer of the action to the proper district – the Eastern District of Oklahoma – is not in the interest of justice, the undersigned recommends dismissal without prejudice to refiling. *See* 28 U.S.C.

---

[1] Citations to the complaint and attachments reflect this Court's CM/ECF designation.

§ 1406(a).

## I. Plaintiff's complaint.

Plaintiff complains that on March 4, 2014, he was part of a work detail that left MACC in "a Department of Transportation van (Tishomingo division)" for a job site in Tishomingo, Oklahoma. Doc. 1, at 3. The transport van broke down and driver pulled to the shoulder and contacted MACC for assistance. *Id.* at 4. Defendant Captain John Hampton, "a citizen of String town [sic] Oklahoma," responded by sending Defendant Officer Courtny Reed, "a citizen of Colgate [sic] Oklahoma," to pick up the crew in "a D.O.C. van." *Id.* at 2, 1, 4.

Plaintiff and the remaining work crew loaded into the second van. *Id.* at 4. The original van driver joined Defendant Reed, who "was eating breakfast while operating the vehicle," up front and jokingly suggested to Defendant Reed he should have brought breakfast for everyone. *Id.* Plaintiff alleges Defendant Reed angrily said, "F**k a bunch of inmates," took a bite of his sandwich, and then "made an illegal U- turn directly into the oncoming traffic without even looking to see if the coast was clear, which was a blatant disregard to the Laws of the highway and the Citizen, and we were struck by a Semi - tractor trailer carrying a load of sand." *Id.* Plaintiff alleges that "[e]veryone in the vehicle was severely injured in the incident" and that he continues to "suffer great pain . . . ." *Id.*

Plaintiff seeks monetary relief. *Id.* at 6.

## II. Screening.

Plaintiff is requesting in forma pauperis status, Doc. 2, so the court has a duty to screen the complaint. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(a). One aspect of screening is reviewing whether venue is proper "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation omitted); *see also Johnson v. Christopher*, 233 F. App'x 852, 853 (10th Cir. 2007) ("acknowledging a district court's authority under 28 U.S.C. § 1915(e) to dismiss *sua sponte* cases not merely on their merits but also based upon improper venue") (citation omitted).

## III. Venue.

Proper venue exists in "a judicial district in which any defendant resides" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"; otherwise, in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1).

Plaintiff identifies two Defendants, one a "citizen" of Coalgate, Oklahoma, and the other a "citizen" of Stringtown, Oklahoma. Doc. 1, at 1-2. He complains of events occurring in or near either Stringtown, Oklahoma, or Tishomingo,

3

Oklahoma. *Id.* at 3, 4. Coalgate is located in Coal County, Oklahoma; Stringtown is located in Atoka County, Oklahoma; and Tishomingo is located in Johnston County, Oklahoma.[2] "Oklahoma is divided into three judicial districts . . . known as the Northern, Eastern, and Western Districts of Oklahoma." 28 U.S.C. 116. "The Eastern District comprises the counties of . . . Atoka . . . Coal, [and] Johnston . . . ." *Id.* § 116(b). There is no basis for venue in the Western District of Oklahoma. *See* 28 U.S.C. § 1391(b)(1).

## IV. Dismissal or transfer.

Absent venue, the court "shall dismiss [the action], or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." *Id.* § 1406(a). "A court may *sua sponte* cure . . . venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice." *Trujillo*, 465 F.3d. at 1222. To determine whether the interest of justice warrants transfer, the court considers whether (1) "the new action would be time barred"; (2) "the claims are likely to have merit"; and (3) "the original action was filed in good faith . . . ." *Id.* at 1223 n.16.

---

[2]  The undersigned judicially notices the locations of these three towns. *See* Fed. R. Evid. 201(b); *see also United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980) ("Geography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial. . . .").

4

The statute of limitations is not a concern. The incident allegedly occurred on March 4, 2014. Doc. 1, at 3. Oklahoma's two-year statute applies to Plaintiff's claims. *See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988); Okla. Stat. tit. 12, § 95(A)(3). So, dismissal would not cause Plaintiff to lose his claims. Regarding the merits of Plaintiff's claims, he alleges that Defendant Reed's "recklessness and distractions while driving" caused "a catastrophic collision" and his resulting injuries. Doc. 1, at 3. His state law tort claims may well have merit, but he fails to plausibly allege any facts supporting a federal claim for a violation of his constitutional rights. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (Plaintiff must include "enough facts to state a claim to relief that is plausible on its face."). Finally, the undersigned knows of no reason to question Plaintiff's good faith in filing his case in this judicial district, but that alone fails to support a transfer in the interest of justice.

### V. Recommendation and notice of right to object.

Because venue is lacking in this district and a transfer of the action is not in the interest of justice, the undersigned recommends dismissal without prejudice to refiling.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before September 23, 2015, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned

further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in the present case.

ENTERED this 3rd day of September, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE